HANNAH COHEN et al., as Administrators, etc., Respondents, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

(Submitted June 9, 1891; decided June 16, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 29, 1890, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The following is the opinion in full:

"This action was brought to recover damages for the death of plaintiffs' intestate, caused by negligence attributable to the

defendant. The intestate was the husband of the plaintiff Hannah Cohen and the father of her five small children, all of whom were dependent upon him for their support.

"The action has been tried three times. The first trial resulted in a verdict in favor of the plaintiffs for $5,000. The judgment entered upon that verdict was, upon appeal to the General Term, reversed and a new trial was ordered. (33 Hun, 404.) The second trial resulted in a judgment entered upon a verdict directed by the court in favor of the defendant, which was affirmed at General Term (43 Hun, 345), but was, upon appeal to this court, reversed and a new trial ordered. (113 N. Y. 532.) The third trial resulted in a verdict in favor of the plaintiffs for $4,583.33 and from the judgment entered upon that verdict the defendant appealed to the General Term and from affirmance there to this court.

"The record discloses no ground whatever for this appeal. It contains but one exception and that is to the ruling of the court allowing the plaintiffs to prove the age of the oldest child of the intestate, and that exception is not noticed or relied upon in the brief submitted on behalf of the appellant. The judge in his charge to the jury stated : ' It is conceded by the defendant in this case that there is no question at all involved here of fact for you to determine. It is very plain upon the testimony that the plaintiff is entitled to recover ; that is not controverted by the city. The only question, therefore, for you to determine is how much you will award to her.' These remarks were not controverted or objected to on the part of the defendant. The trial judge submitted the question of damages to the jury in a manner entirely satisfactory to the defendant and of which its counsel made no complaint at the time.

"The law of this case was settled upon the prior appeal to this court, and after the last trial there was no just ground for further contention on the part of the defendant. This is, therefore, a proper case for giving effect to the last clause of section 3251 of the Code which provides: ' Where a judgment is affirmed by the Court of Appeals the court may, in its discretion, also award damages by way of costs for the delay, not exceeding ten per centum upon the amount of the

judgment or where it was rendered upon an appeal upon the amount of the original judgment.'

"Therefore, the judgment should be affirmed, with costs, and ten per cent upon the amount of the judgment at the trial term as damages for delay."

*William H. Clark* for appellant.

*Francis B. Chedsey* for respondents.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.